# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNG YIL JO,<br><br>     Plaintiff,<br><br>     v.<br><br>SIX UNKNOWN NAMES AGENTS, et al.,<br><br>     Defendants.<br>_____/ | Case No.  1:14-cv-00868-LJO-SKO (PC)<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, AS FRIVOLOUS<br><br>(Doc. 1) |

On June 6, 2014, Young Yil Jo, a prisoner or detainee at the Etowah County Jail in Gadsden, Alabama, filed another complaint, unaccompanied by the filing fee or an application to proceed in forma pauperis.  To date, Mr. Jo has plagued this court with more than three-hundred frivolous lawsuits, some filed under his own name and some filed under other inmates' or detainees' names.[1,2] *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Cato v. U.S.*, 70 F.3d 1103, 1106 (9th Cir. 1995).  Other federal district courts have been deluged with similar frivolous filings, as has the United States Court of Appeals for the Ninth Circuit.[3]

---

[1] The Court takes judicial notice of these cases, which can be easily located through a party search using the term "Six Unknown."

[2] It is not clear whether the other inmates or detainees are aware of these filings.

[3] Case number 1:13-cv-01952-LJO-SKO (PC), *Santenden v. Six Unknown Agents, et al.*, Doc. 4.

One glaring commonality among the cases is the lack of a complaint setting forth any cognizable claims for relief. Other commonalities are that the complaints often lack a signature and they are usually unaccompanied by either the filing fee or an application to proceed in forma pauperis. These procedural deficiencies result in a tremendous waste of the court's resources as it issues orders (1) directing payment of the filing fee or an application to proceed in forma pauperis and (2) directing the submission of a signed complaint. These orders are usually ignored, ultimately resulting in dismissal of the action.

In this case, the complaint is rambling and incoherent, and it fails to state any cognizable claims under federal law. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007). "[T]he doors of this courthouse are open to good faith litigation, but abuse of the judicial process . . . will not be tolerated." *Snyder v. Internal Revenue Serv.*, 596 F.Supp. 240, 252 (N.D. Ind. 1984). Given this litigant's abusive filing practices in this district, and the utterly incoherent pleading before the Court, leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, for the reasons articulated herein, this action is HEREBY ORDERED DISMISSED on the ground that it is frivolous. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45, 111 S.Ct. 2123 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455 (1980); *Miller v. City of Los Angeles*, 661 F.3d 1024, 1036 (9th Cir. 2011); *Leon v. IDX Systems, Corp.*, 464 F.3d 951, 958 (9th Cir. 2006); *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001); *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001); *Anheuser-Busch, Inc. v. Natural Beverages Distributors*, 69 F.3d 337, 348 (9th Cir. 1995).

IT IS SO ORDERED.

Dated:   **June 12, 2014**            /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE